IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,885-01






EX PARTE MARILYN JUAREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-0633-08-A IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
and sentenced to eight (8) years' imprisonment. She did not appeal her conviction. 

 Applicant alleges that she was confined in county jail for three months preceding trial but that
counsel failed to visit her. She alleges that counsel failed to advice her pre-trial that the presiding
judge did not allow plea bargain agreements. Applicant alleges that she was supposed to enter plea
for probation but that counsel had forgotten discuss her case with the State. Instead of probation,
Applicant was sentenced to 8 years' confinement. Applicant alleges that the 8-year sentence
assessed for this evading arrest offense was illegal. She alleges that she should not have been
sentenced to 8 years' confinement as she never "touched, scratched or breathed on the police
officer." Applicant has alleged facts that, if true, might entitle her to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the
fact issues. The trial court shall order the Assistant District Attorney who prosecuted this case to
file an affidavit addressing the following: (1) whether Applicant has previously been convicted of
an evading arrest offense which would allow this offense to be elevated to a third degree felony
under Tex. Pen. Code, § 38.04(2)(A) and, if so, shall identify the prior offense; and, (2) whether
another person suffered serious bodily injury as a direct result of the police officer attempting to
apprehend the Applicant which would allow this offense to be elevated to a third degree felony under
Tex. Pen. Code, § 38.04(2)(B) and, if so, shall identify the injuries suffered by the person; (3)
whether the indictment in this case contained any clerical errors and, if so, shall identify such errors;
and, (4) whether the 8-year sentence assessed fell outside the applicable punishment range. The trial
court shall order trial counsel to file an affidavit addressing the following: (1) whether the facts in
this case supported a conviction for third degree felony evading arrest under Tex. Pen. Code, §
38.04(2)(A) or (B) and, if so, why; (2) whether the indictment contained any errors and, if so, shall
identify the errors; (3) whether counsel visited Applicant in jail to discuss the case pre-trial and, if
so, when; (4) whether counsel advised Applicant that she would get probation if she pleaded guilty
and, if so, why; (5) whether counsel advised Applicant that the presiding judge did not accept plea
bargain agreements and, if so, when; and, (6) whether counsel believes that Applicant's plea was
freely and voluntarily entered. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that her sentence was illegal. Specifically, the trial court shall make findings of fact as to
whether the facts in this case supported a conviction for third degree felony evading arrest under Tex.
Pen. Code, § 38.04(2)(A) or (B). The trial court shall make findings of fact as to whether the
indictment in this case contained any clerical errors. The trial court shall make findings of fact as to
whether 8-year sentence assessed fell outside the applicable punishment range. The trial court shall
make findings of fact as to whether counsel visited Applicant in jail to discuss the case pre-trial. The
trial court shall make findings of fact as to whether counsel advised Applicant that she would get
probation if she pleaded guilty. The trial court shall make findings of fact as to whether counsel
advised Applicant pre-trial that the presiding judge did not accept plea bargain agreements. The trial
court shall make findings of fact as to whether counsel believes that Applicant freely and voluntarily
entered her plea. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories, copies of the plea papers in this cause including the trial court's written
admonishments, any written waivers, and Applicant's judicial confession, a transcription of the court
reporter's notes from the plea hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: May 20, 2009

Do not publish